### *Frank and Tyne Smith v. The State.

#### No. 1900.   Decided June 6, 1900.

**1.   Running a Blind .Tiger—Local Option.**

Article 406, Penal Code, denounces the offense of running a blind tiger "in any county, justice precinct, city or town" where local option is legally in force. It is different from the local option law, and provides for a special punishment more onerous than the punishment for violating local option.

**2.   Same—"School Districts."**

It is not an offense to run a blind tiger in any other place than those specially enumerated in article 406. "School districts" are not mentioned as subdivisions where running a blind tiger is denounced as an offense by article 406.

**3.   Same—Information.**

An information which charges the running of a blind tiger in "a school district" of a county, charges no offense, since "school districts" are not subdivisions which are mentioned in the article 406, denouncing the running of a blind tiger.

**4.   Same—Evidence Insufficient.**

See opinion for evidence which failed to establish the offense of running a blind tiger.

Appeal from the County Court of Limestone.   Tried below before Hon. A. J. Harper, County Judge.

Appeal from a conviction of running a blind tiger; penalty, a fine of $210 against each defendant and two months imprisonment of each in the county jail.

No statement necessary.

*Marrero Herring* and *Jackson & Hayes*, for appellant.—Our Penal Code does not provide a penalty for running a blind tiger in a school district; nor is there such an offense defined in the Penal Code. Penal Code, art. 406.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellants were convicted of keeping a blind tiger, and their punishment assessed at two months imprisonment in the county jail and a fine of $210.

Appellants moved to quash the information on the ground that it was no offense to run a blind tiger in a subdivision of a county, such as a school district, as alleged in the information.   This was overruled by the court.   In our opinion, the objection was well taken.   This prosecution was for running a blind tiger in a certain local option district, to wit, Prairie Hill School District No. 64 of Limestone County, and then said district is set out by metes and bounds. ` Article 406, Penal Code, provides: "If any person shall keep or run or shall be in any manner interested in keeping or running a blind tiger, in any county, justice precinct, city or town, in which the sale of intoxicating liquor

*This case should have appeared in the 41st volume of the Texas Criminal Reports, but it only reached the hands of the Reporter on October 26, 1901, after the 41st volume was complete.

has been prohibited under the laws of this State, he shall be punished," etc. The Constitution of 1876 (article 16, section 20) authorizes local option in any county, justice precinct, city, or town, and under this local option was originally enacted. In 1887, article 406, which was then article 378d, with reference to blind tigers, was passed. In 1891 the Constitution was amended as to local option by authorizing, in addition to the other places named, local option in any such subdivision of a county as may be designated by the commissioners court of said county. Since then various amendments have been made to the local option law, but article 406, with reference to blind tigers, has not been amended. The law accordingly stands as it did originally under the Constitution of 1876. The law with reference to blind tigers is different from the local option law, and prohibits what is called a "blind tiger," which is described as being "any place where liquors are sold by device, whereby the party selling or delivering the same is concealed from the person buying, or to whom the same is delivered;" and then provides a special punishment for keeping a blind tiger, more onerous than that under the penal statute prohibiting ordinary sales of liquors in local option territory. So it would appear that there is no law making it an offense to run a blind tiger in any other place than those named in article 406, which excludes subdivisions of counties; not mentioning these or school districts. We are not aware that this question has hitherto been decided. In Segars v. State, 35 Texas Criminal Reports, 45, from the statement of facts it would appear the sale may have been in a subdivision of the county other than that named in the act; still this question was not made in that case, and was not considered by the court. We would suggest to the Legislature that the law in this respect be amended so as to include subdivision of counties.

Appellant also raises the question that the evidence failed to show that the sale was made by means of a blind tiger. We have examined the record carefully, and we agree with the contention. The purchase was made from a negro. The witness says he went in Smith's store, walked into the side room, and put a dollar on the bed, and then walked out, and winked at a negro who was in the store. The negro went out, and in a short time came back, and he then stepped in the back room, and his dollar was gone, and he found a bottle of whisky there. He knew the bottle would be there, because he had gotten it that way before. This was a sale by the negro, and without the device of a blind tiger, or place of concealment; and, if it was with the knowledge or consent of appellants, they were also principals, and all should have been indicted as such. We say this much in view of the fact that the case must be dismissed, and, if a new information is presented, it should be simply for selling liquor in local option territory against the law, and not for keeping or running a blind tiger. There are other questions in the case not necessary to be considered. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*